J-S63023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID ARTHUR WYNN | |
| Appellant | No. 735 MDA 2014 754 MDA 2014 |

Appeal from the Judgment of Sentence November 25, 2013
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-0000116-2013
CP-18-0000131-2013

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                 **FILED NOVEMBER 13, 2014**

Appellant, David Arthur Wynn, appeals from the judgment of sentence entered on November 25, 2013, in the Court of Common Pleas of Clinton County. After careful review, we affirm.

On July 11, 2013, Wynn entered a negotiated guilty plea at docket number CP-18-CR-0000131-2013 to three counts of rape of a child and one count of aggravated indecent assault in connection with his sexual assault of his nine-year-old step-granddaughter, J.M.W. Wynn also entered a negotiated guilty plea at docket number CP-18-0000116-2013 to one count of corruption of minors for groping his eight-year-old step-granddaughter,

---

[*] Retired Senior Judge assigned to the Superior Court.

G.B.K. Following a review of a pre-sentence investigation report ("PSI"), the trial court sentenced Wynn to an aggregate term of 35½ to 85 years' imprisonment. Wynn subsequently filed a post-sentence motion, which the trial court denied. This timely appeal followed.

On appeal, Wynn raises the following issue for our review:

1. DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT SENTENCED THE DEFENDANT TO SERVE WHAT AMOUNTS TO LIFETIME INCARCERATION DESPITE THE TOTALITY OF THE CIRCUMSTANCES.

Appellant's Brief, at 4. Specifically, Wynn argues that the trial court abused its discretion when it imposed sentences at the statutory limit and ordered the sentences to run consecutively, resulting in an excessive aggregate sentence. *See id*. at 9. Wynn further asserts that the trial court failed to adequately consider the following mitigating factors: (1) his age; (2) his full cooperation in the investigation; (3) his guilty plea to spare the victims the emotional trauma of testifying; (4) his stipulation to the finding that he was a sexually violent predator (SVP); (5) his lack of a prior criminal record; (6) his employment and family relationships; and (7) his honorable discharge from the military. *See id*. at 10.

Initially, we note that while a guilty plea that includes sentence negotiations ordinarily precludes a defendant from contesting his or her sentence other than to argue that the sentence is illegal or that the sentencing court lacked jurisdiction, open plea agreements are an exception in which a defendant may appeal the discretionary aspects of the sentence.

*See Commonwealth v. Guth*, 735 A.2d 709, 711 n.3 (Pa. Super. 1999).

Here, the plea agreement did not contain a negotiated sentence and,

therefore, does not preclude appellate review of Wynn's discretionary

aspects of sentencing challenge. *See Commonwealth v. Johnson*, 961

A.2d 877, 879 (Pa. Super. 2008).

Furthermore,

[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review the challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relief upon for allowance of appeal with respect to the discretionary aspects of a sentence.[1] Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (internal

citations omitted). Moreover, we note that when determining whether an

appellant has set forth a substantial question "[o]ur inquiry must focus on

the *reasons* for which the appeal is sought, in contrast to the facts

underlying the appeal, which are necessary only to decide the appeal on the

_____

[1] *See* Pa.R.A.P. 2119(f).

merits." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (emphasis in original).

In the present case, Wynn's appellate brief contains the requisite Rule 2119(f) concise statement and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. ***See*** Appellant's Brief, at 9-10. Therefore, we proceed to determine whether Wynn has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

In his Rule 2119(f) statement, Wynn asserts that the trial court abused its discretion when it imposed a manifestly excessive sentence by running each sentence at the statutory limit consecutive to the others. Appellant's Brief, at 10. This is simply a bald excessive sentence claim. "[A] bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013).

In any event, we agree with the trial court's assessment that the nature of Wynn's criminal conduct—sexually assaulting two minor children, with whom he shared a familial relationship—warrants the sentence imposed. Had Wynn raised a substantial question we would agree with the trial court that the aggregate sentence is not unduly harsh. The trial court's rationale is sound:

> The [c]ourt's [sic] reviewed the Victim/Impact Statements. I think the statements clearly indicate the severity of the crime and its effect on the victims. [Wynn] is before the [c]ourt to be

- 4 -

sentenced on three counts of rape of a nine-year old child, aggravated indecent assault, again on the same child, and the corruption of minors on an eight-year old child.

…

The [c]ourt believes that the following sentence is appropriate. It certainly will keep [Wynn] away from these children and other children for a period of time. Any lesser sentence would depreciate the nature of the charges against [Wynn].

N.T., Sentencing, 11/25/13, at 8-9.

Wynn additionally argues that the trial court failed to adequately consider mitigating factors when it fashioned his judgment of sentence. This does not raise a substantial question for our review. *See Dodge*, 77 A.3d at 1272 n.8.

We remind Wynn that where "the sentencing court had the benefit of a pre-sentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Moury*, 992 A.2d at 171 (internal citations omitted). *See also* N.T. Sentencing, 11/25/13, at 12. The record actually belies Wynn's claim. At the time of sentencing, the trial court acknowledged Wynn's background and mitigating factors. *Id*. Accordingly, this claim is without merit.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/13/2014</u>