J-S87030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FIKRI APTILIASIMOU | |
| Appellant | No. 557 MDA 2016 |

Appeal from the Judgment of Sentence Dated March 21, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002876-2014

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED FEBRUARY 06, 2017**

Appellant, Fikri Aptiliasimou, appeals from the judgment of sentence of twenty-seven months' to six years' incarceration following a guilty plea to possession of a controlled substance with intent to deliver ("PWID").[1] Appellant's counsel has filed a petition to withdraw and an ***Anders***[2] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

On January 5, 2016, Appellant pleaded guilty to PWID.  Following a pre-sentence investigation, the court sentenced Appellant on March 21,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

2016, and advised him of his post-sentence rights. Appellant did not raise any issues at the hearing after he was sentenced, and he did not file a post-sentence motion. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement claiming that the court abused its discretion when sentencing him. Appellant's counsel filed a petition to withdraw with this Court.

In the **Anders** brief, counsel raises a single issue for our review:

> Whether the trial court abused its discretion in sentencing the Appellant.

**Anders** Brief at 1.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). An **Anders** brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009):

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citations omitted).

In this case, counsel provided a copy of the **Anders** brief to Appellant and advised Appellant of his right to either retain new counsel or proceed *pro se* on appeal, and to raise any issues he wished to bring to this Court's

attention.[3] Further, counsel's **Anders** brief complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Counsel explained that nothing in the record would support the appeal because Appellant waived the issue. Finally, counsel states the reasons for concluding this appeal is frivolous. **Anders** Brief at 6-7.

Appellant challenges the discretionary aspects of his sentence, an issue that is not appealable as of right. **See Commonwealth v. Colon**, 102 A.3d 1033, 1042 (Pa. Super. 2014), **appeal denied**, 109 A.3d 678 (Pa. 2015).[4] Instead, this Court has set forth an analytical framework under which we determine whether we may exercise our discretion to hear such an appeal. Under that framework, we determine —

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question [regarding the sentence's impropriety under the Sentencing

---

[3] Appellant did not file an additional *pro se* or counseled brief with this Court.

[4] "Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. However, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence." **Commonwealth v. Guth**, 735 A.2d 709, 710 n.3 (Pa. Super.) (citations omitted), **appeal denied**, 743 A.2d 915 (Pa. 1999).

> Code]. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 1042-43 (citation omitted). For purposes of an ***Anders*** analysis, a waived issue is frivolous. ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008).

"Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). In the current case, Appellant failed to file a post-sentence motion or otherwise preserve the issue at the sentencing hearing. Because Appellant failed to preserve his issue before the trial court, he failed to satisfy the second prerequisite to appellate review, ***see Colon***, 102 A.3d at 1042-43; ***Moury***, 992 A.2d at 170, and thus, his issue is frivolous for purposes of ***Anders***. ***Kalichak***, 943 A.2d at 291. In addition, we have reviewed the certified record consistent with ***Flowers***, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Accordingly, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2017