J-S38026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES SULLIVAN, | |
| Appellant | No. 3871 EDA 2016 |

Appeal from the Judgment of Sentence November 3, 2016
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000307-2016

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES SULLIVAN, | |
| Appellant | No. 13 EDA 2017 |

Appeal from the Judgment of Sentence November 3, 2016
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000314-2016

BEFORE:  GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

_____

[*]  Former Justice specially assigned to the Superior Court.

J-S38026-17

MEMORANDUM BY SHOGAN, J.:                              **FILED AUGUST 25, 2017**

Appellant, James Sullivan, appeals from the judgments of sentence entered in the Court of Common Pleas of Wayne County on November 3, 2016. We affirm.

The trial court summarized the procedural history of this case as follows:

> Under docket number 307-criminal-2016, [Appellant] entered a plea of guilty to one count of Possession of Controlled Substance with Intent to Deliver, one count of Criminal Trespass, one count of Possessing Instrument of Crime, and one count of Resisting Arrest or Other Law Enforcement.[1] On November 3, 2016, [Appellant] was sentenced to undergo incarceration in a State Correctional Facility for a period of not less than 63 months, nor more than 144 months, concurrent to docket number 22-criminal-2015. Under docket number 314-criminal-2016, [Appellant] entered a plea of guilty to one count of Criminal Conspiracy (theft).[2] On November 3, 2016, [Appellant] was sentenced to undergo incarceration in a State Correctional Facility for a period of not less than 12 months, nor more than 24 months, consecutive to docket number 307-criminal-2016.
>
> Under docket numbers 307-criminal-2016 and 314-criminal-2016, [Appellant] timely filed a Motion to Modify Sentence on November 10, 2016. [The trial court] denied [Appellant's] Motion on November 15, 2016.

Trial Court Opinion, 2/10/17, at 1.

---

[1]   35 P.S. § 780-113(a)(3)); 18 Pa.C.S. § 3503(a)(1)(i); 18 Pa.C.S. § 907(a); and 18 Pa.C.S. § 5104, respectively.

[2]   18 Pa.C.S § 903(a)(1).

Appellant filed a timely appeal as to both dockets on December 15, 2016. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Was the Trial Court's imposition of a series of consecutive sentences at or near the maximum of the standard range resulting in an aggregate sentence of 75 months to 168 months overly harsh and excessive and an abuse of sentencing discretion?

Appellant's Brief at 7.

Appellant's issue challenges the discretionary aspects of his sentence.[3] We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

_____

[3] This Court has held that "despite [entry of an] open plea of guilty, [an a]ppellant may challenge the discretionary aspects of his sentence." *Commonwealth v. Luketic*, ___ A.3d ___, 2017 WL 2123441, *8 (Pa. Super. May 16, 2017) (citing *Commonwealth v. Dalberto*, 648 A.2d 16, 20 (Pa. Super. 1994)).

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. **Commonwealth v. Sierra**, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal, raised the challenge in his post-sentence motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Ahmad**, 961

- 4 -

A.2d 884, 886-887 (Pa. Super. 2008). In his Pa.R.A.P. 2119(f) statement, Appellant argues that "the sentence imposed by [the trial court] is not consistent with [Appellant's] prior record score of five and his addiction, assumption of responsibility and criminal acts. The Sentence imposed by [the trial court] is utterly harsh and oppressive." Appellant's Brief at 11. A substantial question exists where an appellant challenges the imposition of his consecutive sentences as unduly excessive together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence. *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015). Because Appellant has presented a substantial question, we proceed with our analysis.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). In this context, an abuse of discretion is not shown merely by an error in judgment. *Id.* Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id.*

This Court has stated that in exercising its discretion at sentencing, "the trial court must consider the character of the defendant and the particular circumstances of the offense, and must impose a sentence that is

consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." ***Commonwealth v. Guth***, 735 A.2d 709, 711 (Pa. Super. 1999). More specifically, "the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). When the "sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" ***Moury***, 992 A.2d at 171. Additionally, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Id.***

We first note that Appellant's sentences were within the standard range of the sentencing guidelines. Appellant concedes this. Appellant's Brief at 15. Additionally, our review of the record reflects that the trial court considered Appellant's rehabilitative needs, criminal history, and character in imposing Appellant's sentence. N.T., 11/3/16, at 7-12. Moreover, the trial court had the benefit of a pre-sentence investigation report in this case. ***Id.*** at 2, 8. Thus, we cannot agree that the trial court abused its discretion in sentencing Appellant. Appellant is entitled to no relief on his claim.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017