J-S84035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LANDON WILEY THOMAS | : | |
| | : | |
| Appellant | : | No. 1202 MDA 2017 |

Appeal from the PCRA Order July 14, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0000135-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                        **FILED MAY 02, 2018**

Landon Wiley Thomas appeals *pro se*[1] from the order entered on July 14, 2017, denying his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Thomas seeks relief from the judgment of sentence of 12½ to 25 years' imprisonment, with 5 years' consecutive probation, imposed after Thomas entered a negotiated guilty plea to 13 counts of robbery.  Thomas contends the PCRA court erred in denying relief where (1) the suppression court erred in denying Thomas's omnibus pretrial motion, (2) the Commonwealth committed fraud upon the suppression court by not declaring a material witness unavailable and by not

_____

[1] Appointed counsel filed a no-merit letter pursuant to **Commonwealth v. Turner,** 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and the PCRA court granted counsel's request to withdraw.

using compulsory process to produce said witness, (3) the Commonwealth violated the suppression court's sequestration order regarding the validity of the **Miranda**[2] warnings, (4) defense counsel was ineffective at various stages of the motion to suppress, prior to and during sentencing, and PCRA counsel as well, (5) Thomas was induced into an involuntary, unknowing, and unintelligent guilty plea, under the totality of circumstances standard, and (6) Thomas did not receive a fair hearing by an impartial and disinterested tribunal due process requires. **See** Thomas's Brief at 4. Based on the following, we affirm.

The PCRA court has aptly summarized the procedural history of this case, as follows:

> The Commonwealth charged [Thomas] with 13 counts of Robbery arising out of a spree of hold-ups of gas stations, convenience stores and banks during which [Thomas] used his pointed finger or a piece of plastic under his sweatshirt to simulate a weapon.[1] [[1] The Commonwealth withdrew Counts 12 and 13 (Robbery – Threat Immediate Serious Injury, (18 Pa.C.S. § 3701 A1(ii)).]
>
> On May 11, 2015, [Thomas] entered a negotiated guilty plea to 9 counts of Robbery – Threat of Immediate Serious Injury, 18 Pa.C.S. 3701(a)(1)(ii), a felony of the first degree and 2 counts of Robbery – Taking Property From Another by Force, 18 Pa.C.S. § 3701(a)(1)(v), a felony of the third degree. The Court sentenced [Thomas pursuant to the negotiated plea agreement to an aggregate sentence of 12½ to 25 years' imprisonment, with a consecutive 5-year term of probation.]
>
> ****

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[Thomas] filed no post sentence motion or appeal.

On August 26, 2015, [Thomas] filed a *pro se* Motion for Post Conviction Collateral Relief in which he asserted that the Court imposed a constitutionally infirm sentence, citing, **Alleyne v. United States**,133 S.Ct. 2151 (2013) and **Commonwealth v. Hopkins**, 117 A.3d 247 (2015). [Thomas] further alleged that the Court imposed an impermissible sentence under 42 Pa.C.S. § 9714, Sentence for Second and Subsequent Offenses. On September 14, 2015, prior to the appointment of PCRA counsel, [Thomas] filed a *pro se* Amendment to the PCRA Motion.

On October 22, 2015, the Court appointed Jennifer Tobias, Esq., as PCRA Counsel. Appointed Counsel filed a Motion to Withdraw on November 20, 2015. On March 25, 2016, [Thomas] filed Defendant's Addendum to Counsel's No Merit Letter.

On March 30, 2016, the Court ordered the Commonwealth to file a Response and Memorandum in Support Thereof to [Thomas's] claims as to the asserted applicability of **Alleyne v. United States**,133 S.Ct. 2151 (2013) and **Commonwealth v. Hopkins**, 117 A.3d 247 (2015).

Thereafter, [Thomas] filed a series of *pro se* pleadings each of which opposed Appointed Counsel's Motion to Withdraw and sought to raise new claims. The following ensued:

April 11, 2016  [Thomas's] Second Addendum to Counsel's No Merit Letter

April 18, 2016  Appointed Counsel' s Amended Motion to Withdraw Under the PCRA

April 27, 2016 [Thomas's] Counterstatement and Objection to Counsel's No Merit Letter and Amended Motion to Withdraw under the Post Conviction Relief Act and [Thomas's] Request for an In-Camera Video Conference Hearing to Participate and Challenge Counsel's No Merit letter and Amended Request to Withdraw Counsel's representation under **Turner/Finley**

June 29, 2016  [Thomas's] Third Addendum to Counsel's No Merit Letter

> July 18, 2016   Appointed Counsel's Amended Motion to Withdraw Under the Post Conviction Relief Act
>
> August 12, 2016 [Thomas's] Fourth Addendum to Counsel's No Merit Letter
>
> August 30, 2016 Appointed Counsel's Request for Evidentiary Hearing Pursuant to the Post Conviction Relief Act
>
> October 28, 2016 [Thomas's] Fifth Addendum to PCRA
>
> November 16, 2016  Appointed Counsel's Amended Motion to Withdraw under the Post Conviction Relief Act
>
> On December 23, 2016, Court ordered that [Thomas] shall file no further pleadings pending disposition of the filings of record.

PCRA Court Opinion, 6/15/2017, at 1, 4-5.  On June 15, 2015, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Thomas's PCRA petition. On July 13, 2017, the PCRA dismissed the petition.  This appeal followed.

Our standard of review is well settled:

> This Court analyzes PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Rykard***, 2012 PA Super 199, 55 A.3d 1177, 1183 (Pa.Super. 2012). Our "review is limited to the findings of the PCRA court and the evidence of record" and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." ***Id.*** Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." ***Id.*** (citations omitted). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." ***Id.***

***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

- 4 -

It bears emphasis that the six issues raised in this PCRA appeal **were not** raised in Thomas's *pro se* PCRA petition. Rather, these issues were raised in the serial "addendums" filed by Thomas, following appointed counsel's November 20, 2015, no-merit letter and request to withdraw. Because Thomas neither requested nor was granted leave to amend his *pro se* PCRA petition, all the issues raised in this appeal, except for the claim of PCRA counsel's ineffectiveness, have been waived.[3] *See Commonwealth v. Rykard*, 55 A.3d 1177, 1192 (Pa. Super. 2012) ("[I]n order to properly aver a new non-PCRA counsel ineffectiveness claim, the petitioner must seek leave to amend his petition.").

We first discuss Thomas's non-PCRA counsel ineffectiveness claims. "It is well-settled that claims raised outside of a court-authorized PCRA petition are subject to waiver regardless of whether the Commonwealth raises a timely and specific objection to them at the time they are raised." *Commonwealth v. Mason*, 130 A.3d 601, 627 (Pa. 2015) (citation omitted) (finding appellant waived heat of passion claim for failure to raise it in an authorized amended PCRA petition). *See also Commonwealth v. Reid*, 99 A.3d 470, 484 (Pa. 2014) ("This Court has condemned the unauthorized filing of supplements and amendments to PCRA petitions, and held that claims raised in such

---

[3] The PCRA court rejected Thomas's **Alleyne/Hopkins** illegality of sentencing claim that was raised in his original *pro se* PCRA petition, and also determined Thomas's third, fourth, and fifth addendums were untimely serial petitions and, furthermore, that the claims presented in Thomas's addendums warranted no relief. **See** PCRA Court Opinion, 6/15/2017, at 5-10.

supplements are subject to waiver."). The petitioner must "inform[] the PCRA court that he or she seeks to add claims through an amended petition and, in response, the court shall freely grant leave to amend where doing so achieves substantial justice consistent with the dictates of Pa.R.C.P. 905(A)." **Mason, supra**, 130 A.3d at 627. Where a petitioner does not include a claim in his PCRA petition and does not obtain permission to amend his petition to include the claim, the issue is waived. **Commonwealth v. Elliott**, 80 A.3d 415, 430 (Pa. 2013), *cert. denied*, 135 S. Ct. 50 (2014).

Here, the claims raised by Thomas in this appeal were raised in "addendums" filed after appointed counsel had filed a no-merit letter and request to withdraw. However, Thomas did not obtain permission to amend his petition to include these issues. **See** PCRA Court Order, 12/3/2016 ("Inasmuch as Petitioner has, without requesting leave of Court, filed 5 addendums to Petitioner's Motion for Post Conviction Collateral Relief, Petitioner **SHALL NOT** file further *pro se* pleadings prior to the Court's resolution of pending matters.") (capitalization and emphasis in original). Therefore, Thomas's non-PCRA counsel ineffectiveness claims have been waived. **See Reid, supra**.

In any event, to the extent that Thomas's claims relate to pre-trial proceedings, these claims fail since, as noted by the PCRA court, "upon [a defendant's] entry of a guilty plea, he generally waives all defects and defenses except for those that pertain to the validity of the plea and legality of the sentence that is imposed." PCRA Court Opinion, 8/9/2017, at 9, *citing*

- 6 -

*Commonwealth v. Guth*, 735 A.2d 709, 711 [n.3] (Pa. Super. 1999). Additionally, Thomas's claim that his plea was involuntary, unknowing, and unintelligent "under the totality of circumstances standard" is belied by the written and the oral colloquies that occurred prior to the entry of the negotiated guilty plea. *See* N.T., 5/11/2015; Written Guilty Plea Colloquy, 5/11/2015. Finally, although Thomas alleges members of the Dauphin County criminal justice system, including the District Attorney and defense counsel, received racially offensive emails that were released by former Attorney General Kathleen Kane, he has failed to show that he was actually prejudiced during any proceeding. Therefore, even if waiver did not apply, Thomas would not be entitled to PCRA relief on these claims.

We next address Thomas's claim of PCRA counsel's ineffectiveness, which Thomas properly raised before the PCRA court. *See Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009). Thomas's claim is based upon the suppression court's determination that Commonwealth witness Marie Gascot gave voluntary consent to police to search the residence where Thomas was found.[4] Regarding this issue, we note that the only witnesses at the suppression hearing were Detective Richard Gibney, Detective John Cassidy O'Connor, and Thomas.

In his brief, Thomas argues:

---

[4] Thomas testified he lived at the residence with Gascot, who was his former girlfriend. *See* N.T., 4/27/2015, at 68.

- 7 -

In PCRA counsel's Amended Motion to Withdraw, dated April 18, 2016[, and filed in response to Thomas's second addendum], at paragraph 17, Jennifer Tobias, Esq. stated:

"Next, the defendant asserts that counsel was ineffective for failing to investigate Marie Gascot's statement and her cooperation with the Commonwealth. In speaking with [trial counsel], he is unaware of what the defendant wanted him to investigate. At the time, there was no cooperation on the part of Miss Gascot, nor has there been since." At a footnote [PCRA counsel] adds: "The defendant has consistently alleged that the Commonwealth was giving Marie Gascot certain "deals" and consideration for her cooperation. Petitioner has investigated this allegation, and found that it is not true."

Under the circumstances of the Commonwealth not issuing a Bench Warrant for Marie Gascot, she may not of been aware that the Commonwealth was suppressing her live testimony, in lieu of the recorded testimonial [referring to an audio recording of Marie Gascot's confirmation of her consent to search]. That does not excuse the failure of either trial counsel or PCRA counsel from investigating her bail status, criminal history, and the charges she was facing at that time. PCRA counsel Jennifer Tobias received an affidavit from Marie Gascot, alleging that she did NOT give police "consent" to search. Attorney Tobias failed to file an Amended PCRA petition as her client had directed her to do ….

Thomas's Brief at 19.

Based on our review, we conclude Thomas's claim of PCRA counsel's ineffectiveness in failing to investigate Marie Gascot's bail status, criminal history, and charges pending at the time she gave consent to search, and in failing to file an amended petition to present an after-discovered evidence claim based on Marie Gascot's affidavit warrant no relief.  As already noted, "upon [a defendant's] entry of a guilty plea, he generally waives all defects and defenses except for those that pertain to the validity of the plea and legality of the sentence that is imposed."  **Guth, supra**, 735 A.2d at 711 n.3.

Therefore, Thomas cannot now challenge the suppression court's ruling by relying on Marie Gascot's criminal history and the affidavit she supplied to Thomas. Accordingly, PCRA counsel cannot be deemed ineffective on this basis.

Furthermore, to the extent that Thomas's claim suggests PCRA counsel was ineffective in failing to raise the issue of trial counsel's ineffectiveness, no relief is due. Thomas argues trial counsel was ineffective in failing to object to the testimony of Detective Gibney and Detective O'Connor regarding Marie Gascot's consent. **See** Thomas's Brief at 18. However, the Commonwealth was not required to call Marie Gascot to testify and, therefore, there was no valid basis for trial counsel to object to the officers' testimony. **See Commonwealth v. Simmen**, 58 A.3d 811, 817 (Pa. Super. 2012) (holding Commonwealth was not required to present defendant's wife as a witness at suppression hearing to prove she consented to police officer's entry into their home; the trial court has sole authority to make credibility determination of officer's testimony). Moreover, trial counsel fully cross-examined the detectives on the issue of Marie Gascot's consent. Finally, although Thomas complains that the Commonwealth presented the audio recording of Marie Gascot's confirmation of consent, which was made later that day at the police station because she refused to sign the detective's notebook,[5] such evidence was of no moment. The trial court found that "Ms. Gascot did give proper

_____

[5] N.T., 2/17/2015, at 45.

consent to officers to allow them to search her residence." Trial Court Opinion (Omnibus Pretrial Motion), 4/27/2015, at 11. The trial court further stated, "Additionally, Ms. Gascot gave a recorded statement in which she confirmed the fact she consented to the search." *Id*. Thus, the trial court's credibility determination of the officers' testimony that Marie Gascot gave valid consent was independent of the additional evidence of her recorded statement. Therefore, Thomas's underlying claim of trial counsel's ineffectiveness lacks arguable merit. Consequently, we reject Thomas's assertion of ineffectiveness of PCRA counsel.

Accordingly, we affirm the denial of PCRA relief.

Order affirmed. Application for extension of time to file reply brief granted.[6]

Judge Lazarus joins the majority decision.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2018

---

[6] In **Commonwealth v. Flanagan**, 854 A.2d 489 (Pa. 2004), cited by Thomas in his reply brief, the PCHA [now PCRA] court "formally allowed the amendment to Flanagan's petition." **Id.** at 496.