**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL B. EDDINGER, | : | |
| | : | |
| Appellant | : | No. 2736 EDA 2016 |

Appeal from the Judgment of Sentence July 25, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0005414-2015

BEFORE: OTT, DUBOW, JJ., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 31, 2017**

Appellant, Daniel B. Eddinger, appeals from the Judgment of Sentence entered July 25, 2016 in the Court of Common Pleas of Lehigh County sentencing him to two and a half to five years' incarceration following his open guilty plea to Corruption of Minors and Indecent Assault of a Person Less than 16 Years of Age.[1]  On appeal, Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm.

A detailed recitation of the factual and procedural history is unnecessary to our disposition.  On April 8, 2016, Appellant entered an open guilty plea to Corruption of Minors and Indecent Assault for events that

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6301(a)(1)(i) and 18 Pa.C.S. § 3126(a)(8), respectively.

occurred fifteen years earlier when Appellant, who at the time was a 22-year-old basketball coach and math tutor, sexually assaulted one of his 13-year-old students on numerous occasions over a period of approximately one year. On July 25, 2016, the trial court sentenced Appellant to the statutory maximum of two and a half to five years' incarceration on the Corruption of Minors charge followed by two years of probation, to run consecutively, on the Indecent Assault charge. On July 27, 2016, Appellant filed a Post-Sentence Motion for Reconsideration of Sentence, which the trial court denied. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. [] Appellant has satisfied the technical requirements for discretionary review under Pa.R.A.P. 2119(f) and presented a plausible claim that the sentencing judge abused her discretion by imposing an unreasonable sentence outside the sentencing guideline range. Should the Court review this appeal on its merits?

2. Appellant Daniel Eddinger is a first-time non-violent offender with a stable job and in a long-term marriage with two young children. He adopted a non-adversarial stance toward the police investigation, promptly accepted responsibility for his misconduct years earlier, and repeatedly expressed his genuine remorse. Did the sentencing judge abuse her discretion by nevertheless imposing a statutory maximum sentence multiple times the guideline range?

3. Should the Court vacate this unreasonable sentence and remand this matter to the sentencing judge with instructions under § 9781(c)(3)?

Appellant's Brief at 4.

Initially, we note Appellant's claim that the trial court abused its discretion by imposing an unreasonable sentence outside of the sentencing guideline range represents a challenge to the discretionary aspects of sentencing. *See Commonwealth v. Sheller*, 961 A.2d 187, 189 (Pa. Super. 2008) (stating a claim that the court imposed an unreasonable sentence beyond the aggravated range of the sentencing guidelines represented a challenge to the discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test: "(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b)." *Id.* (citation omitted).

Here, Appellant complied with the first three requirements above. Next, we must determine whether Appellant has presented any substantial questions in his Pa.R.A.P. 2119(f) Statement. An appellant raises a "substantial question" when he "sets forth a plausible argument that the

sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

In his Pa.R.A.P. 2119(f) Statement, Appellant submits that the trial court imposed an unreasonable and excessive sentence that was outside of the sentencing guideline range when the trial court concentrated solely on the gravity of the offense rather than the record as a whole, including Appellant's remorse, lack of a prior criminal record, and rehabilitation. We conclude that Appellant's claim raises a "substantial question" for our review. **See Commonwealth v. Guth**, 735 A.2d 709, 711 (Pa. Super. 1999) (finding a claim that the sentence imposed was outside the guidelines and unreasonable raised a "substantial question"); **Commonwealth v. Perry**, 883 A.2d 599, 602 (Pa. Super. 2005) (determining that defendant raised "substantial question" where defendant claimed that sentencing court imposed an excessive and unreasonable sentence after it focused solely on the serious nature of the offenses rather than the record as a whole, including defendant's expressions of remorse and lack of prior criminal record).

Accordingly, we will address the merits of Appellant's sentencing claims, mindful of our standard of review. This Court has repeatedly stated: "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest

abuse of discretion." ***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003). An abuse of discretion is more than a simple error of judgment. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007). Moreover, "[a]n abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Id.*** (citation and quotation omitted).

Appellant concedes that the imposed sentence did not exceed the statutory limit on either charge, but claims that the sentence was unreasonable and excessive because the trial court deviated above the guideline sentencing recommendation of restorative sanctions to nine months' incarceration for the Corruption Charge, and instead imposed "a statutory maximum sentence more than 6 times the upper end of the standard range on the [C]orruption charge." Appellant's Brief at 21; ***see*** Basic Sentencing Matrix (5th ed.), 204 Pa.Code § 303.16(a). Appellant also avers that the trial court deviated from the standard guideline range on the Indecent Assault charge by imposing the statutory maximum probation sentence. Appellant's Brief at 21. Appellant further argues that in imposing this excessive sentence, the trial court improperly emphasized the gravity of the offense while minimizing "the lack of threat posed by [Appellant], and his rehabilitative needs." ***Id.*** at 30.

Our Supreme Court has repeatedly held that that the Sentencing Guidelines are purely advisory in nature. *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007). "The guidelines are merely one factor among many that the court must consider in imposing a sentence." *Id.* (citation omitted). The trial courts retain broad discretion in sentencing matters, and "the only line that a sentence may not cross is the statutory maximum sentence." *Id.* (citation omitted).

While a court has discretion to deviate from the guidelines, when the court does deviate "it is important that the court reflect a consideration of the sentencing guidelines, the background and character of the defendant, the circumstances of the crime, and impose a sentence that is consistent with the protection of the public and the rehabilitative needs of the defendant." *Commonwealth v. Hoch*, 936 A.2d 515, 519 (Pa. Super. Ct. 2007); *see* 42 Pa.C.S.A. § 9721 (setting for the general standards applicable to sentencing).

Where the trial court deviates above the guidelines, this Court may only vacate and remand a case for resentencing if we first conclude that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). Although the Sentencing Code does not define the term "unreasonable," our Supreme Court has made clear that "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether

the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review." **Walls**, **supra** at 964; **see Commonwealth v. Rossetti**, 863 A.2d 1185, 1194-95 (Pa. Super. 2004) (affirming a statutory maximum sentence imposed after the trial court considered and balanced all of the relevant mitigating and aggravating facts). When reviewing the record, this Court should have regard for: (1) the nature and circumstances of the offense and the history and characteristics of the Appellant; (2) the opportunity of the sentencing court to observe the Appellant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S. §9781(d).

Importantly, our Supreme Court "has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

In the instant case, the trial court reviewed a Presentence Investigation Report before imposing the sentence. Thus, we presume that the trial court was aware of all appropriate sentencing factors and considerations at the time of sentencing. Additionally, the record reflects that the trial court did take into consideration the mitigating factors of

Appellant's remorse, cooperation with authorities, lack of a criminal record, and progress in therapy. Trial Court Opinion, filed 8/2/16, at 1 n.1; N.T. Sentencing, 7/25/16, at 33-34. Nevertheless, the trial court decided to deviate above the aggravated sentencing recommendation after relying on the following persuasive factors: (1) the serious nature of the crime; (2) that the crime involved a course of ongoing conduct for a period of approximately one year; (3) that Appellant was in a position of trust with the victim and the victim's family; (4) the age of the victim, who was thirteen years old at the time of the offense; (5) the long-term impact on the victim who will have "scars forever[;]" and (6) the potential threat to the public. Trial Court Opinion, filed 8/2/16, at 1 n.1; Trial Court Opinion, dated 9/22/16, at 2-3; N.T. Sentencing, 7/25/16, at 33-37.

After careful review of Appellant's arguments and the certified record, we conclude that the trial court did not ignore or misapply the law, and did not exercise its judgment for reasons of partiality, prejudice, bias or ill-will, or arrive at a manifestly unreasonable decision. **See Rossetti**, **supra** at 1194-95. Accordingly, the trial court did not abuse its discretion in imposing Appellant's aggregate sentence of two and a half to five years' incarceration followed by two years of probation.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2017