J-S17017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD A. MOWERY | |
| Appellant | No. 2002 MDA 2019 |

Appeal from the Judgment of Sentence imposed November 13, 2019
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0000624-2018

BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 14, 2020**

Appellant, Todd A. Mowery, appeals from the judgment of sentence imposed in the Court of Common Pleas of Lackawanna County on November 13, 2019.  Counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We deny counsel's petition without prejudice for the filing of a proper ***Anders*** petition and brief, or an advocate's brief.

The factual and procedural background are not at issue.  Briefly, on August 26, 2019, Appellant entered an open guilty plea to one count of simple assault, a misdemeanor of the second degree carrying a maximum fine of $5,000 and 2 years' imprisonment.  Prior to the acceptance of the plea, Appellant completed and signed a written guilty plea colloquy, which was

supplemented by an oral colloquy on the record. The colloquies informed Appellant of the nature of the charges against him, the rights he was giving up, and the maximum sentence for the crime. Following these colloquies, Appellant admitted to committing simple assault.

On November 13, 2019, the trial court sentenced Appellant to 12 to 24 months' incarceration. After the trial court denied Appellant's motion for reconsideration, Appellant filed the instant appeal. In response to the trial court's order pertaining to the filing of a Pa.R.A.P. 1925(b) concise statement, counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4), informing the trial court of his intention to file an *Anders* brief instead of a concise statement pursuant to Rule 1925(b).

The *Anders* brief challenges the jurisdiction of the trial court to accept Appellant's guilty plea, the validity of the plea, and the legality of the sentence.[1] Before we address the merits of the challenge, however, we must

_____

[1] In the brief, counsel notes that

> Appellant requested an appeal be fi[le]d because he believes his sentence was "harsh." He maintains he was willing to participate in any programs necessary to address any perceived alcohol issues and that he should have been given an opportunity to establish any alcohol issues that he may have had were under control.

*Anders* Brief at 3. Thus, while Appellant asked counsel to challenge the discretionary aspects of his sentence, counsel believed that such a challenge was not possible given that Appellant had pled guilty. As explained below, counsel is mistaken.

- 2 -

consider the adequacy of counsel's compliance with **Anders** and **Santiago**.

Our Supreme Court requires counsel to do the following.

> Prior to withdrawing as counsel on a direct appeal under **Anders,** counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 879–80 (Pa. Super. 2014).

We note that the brief substantially complies with **Anders**/**Santiago**, although counsel failed to provide citations to the record in the context of the summary of the procedural history and facts, and omitted the requisite Rule 2119(f) statement when challenging the discretionary aspects of the sentence. **See**, **e.g.**, **Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) ("The **Anders** brief challenges discretionary aspects of Appellant's sentence. Appellant was required to set forth in his brief a concise statement of the

reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence") (citation and internal quotation marks omitted).

We suspect the absence of a Rule 2119(f) statement is probably due to counsel's failure to recognize that, since the plea here was open, the law permits a discretionary challenge to Appellant's sentence. Counsel indicates in his brief that, since Appellant pled guilty, Appellant's reasons for challenging the sentence are limited to three grounds: jurisdiction of the court, validity of the plea, and legality of the sentence. Had Appellant pled guilty to a negotiated plea, counsel would be correct that any subsequent challenges would be limited to these grounds.

> In **Commonwealth v. Tirado**, 870 A.2d 362 (Pa. Super. 2005),
>
> [w]e note[d] that while a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence.

**Id.** at 365, n.5. **See also Commonwealth v. Guth**, 735 A.2d 709, 710, n.3 (Pa. Super. 1999) (when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence).

A review of the plea Appellant entered on August 26, 2019 reveals that while Appellant pled guilty to simple assault, the plea was silent as to any sentence to be imposed. Indeed, the guilty plea form executed by Appellant

merely stated the maximum sentence applicable under the statute but did not provide any specifics as to the actual sentence to be imposed. The plea entered by Appellant, therefore, was open. As such, contrary to counsel's assertion, Appellant can challenge the discretionary aspects of his sentence. *See Tirado*, *supra*; *Guth*, *supra*.

Because counsel's argument rests on a misunderstanding of the facts and/or the law, we are constrained to deny his petition to withdraw without prejudice to refile his petition. We therefore, direct that counsel file, within thirty days of the date of this memorandum, either an advocate's brief or a compliant *Anders* brief and petition to withdraw. If counsel files an *Anders* petition and brief, Appellant shall have thirty days after service of counsel's petition, letter, and brief to file a response in this Court either *pro se* or with the benefit of private counsel. The Commonwealth may respond within thirty days to any brief filed on behalf of Appellant.

Petition to withdraw denied. Panel jurisdiction retained.