J-A12026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TONY EDWARDS :
:
Appellant : No. 753 MDA 2020

Appeal from the PCRA Order Entered May 14, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004026-2015

BEFORE: LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 15, 2021**

Tony Edwards appeals from the order, entered in the Court of Common
Pleas of Luzerne County, denying his petition filed pursuant to the Post-
Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful
review, we affirm on the basis of the opinion authored by the Honorable David
W. Lupas.

Following are the facts of this case, as set forth in our decision in
Edwards' direct appeal:

> On April 4, 2015, [Edwards] and co-defendant, Wandalee Balcacer
> [Wandalee], conspired to, and did, confront victims Sherry Ann
> Rivera and Izhar Ramos-Ramirez about drugs Rivera allegedly
> stole from [Wandalee], and money she earned from their
> subsequent sale. [Edwards] and [Wandalee] threw the victims to
> the ground, and [Edwards] shot them, wounding Ramirez in the
> head and Rivera in the head and upper back. The Commonwealth
> filed an information against [Edwards] and [Wandalee] on
> December 8, 2015, which contained the aforementioned charges,
> plus criminal conspiracy to commit homicide, and persons not to

possess firearms. [] On September 19, 2016, following trial, the jury convicted [Edwards] of two counts of criminal attempt to commit homicide. On November 8, 2016, the trial court sentenced [Edwards] to a term of not less than forty nor more than eighty years' incarceration. On November 14, 2016, the Commonwealth withdrew the charges for the firearms violations. Edwards filed a timely motion for modification of his sentence[, which] the court denied on November 28, 2016.

*Commonwealth v. Edwards*, 14 MDA 2017 (Pa. Super. filed July 20, 2018), at 1-3 (unpublished memorandum decision) (internal citations and footnotes omitted).

Edwards filed a direct appeal, wherein he challenged the trial court's denial of his motion to sever his trial from co-defendant Wandalee's trial. This Court affirmed Edwards' judgment of sentence, *id.*, and the Pennsylvania Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Edwards*, 199 A.3d 883 (Pa. 2018) (Table).

On March 7, 2019, Edwards filed a timely *pro se* PCRA petition. The court appointed counsel and scheduled a hearing. Counsel filed an amended petition on May 28, 2019. At Edwards' request, the PCRA hearing was continued three times, and it was ultimately held on February 26, 2020.

On May 14, 2020, the PCRA court denied Edwards' petition. Edwards filed this timely appeal. Both the court and Edwards have complied with Pa.R.A.P. 1925.

Edwards raises the following issues on appeal:

(1) Whether [Edwards'] trial counsel was constitutionally ineffective for not objecting to references to Detective [Matt] Stash, a Commonwealth witness, having been shot, and being a "hero?"

(2) Whether trial counsel was constitutionally ineffective for not objecting to testimony about [Edwards] being given a gun prior to the shooting?

(3) Whether trial counsel was constitutionally ineffective for not requesting a mistrial after a witness referred to [Edwards'] reputation for something unspecified in Philadelphia?

(4) Whether the cumulative effect of individual alleged errors resulted in prejudice that would render defense counsel ineffective?

Appellant's Brief, at 4.

Edwards argues the PCRA court erred in failing to find trial counsel ineffective for not objecting to Detective Stash's testimony that he was shot in the line of duty in the same area as the victims, and for not objecting to the prosecutor's statements in his closing argument that characterized Detective Stash as a "local hero." Appellant's Brief, at 9. Edwards claims both instances bolstered Detective Stash's credibility, which deprived Edwards of a fair trial. *Id.* Edwards also argues that trial counsel was ineffective for failing to object to the testimony of Felipe Balcacer (Felipe) and Wandalee, both of whom testified that Adam Hobson gave Edwards a gun prior to the shooting. *Id.* Edwards contends these statements were hearsay, and no exception applied. *Id.* Next, Edwards argues that trial counsel was ineffective for failing to request a mistrial when Felipe testified that he told the victims that Edwards would shoot them based on "rumors that w[ere] told about [Edwards] around Philly." *Id.* at 10, citing N.T. Jury Trial, 9/19/16, at 857. Finally, Edwards argues that even if each individual claim did not rise to the level of prejudice, the cumulative effect of trial counsel's omissions amounted to prejudice and,

- 3 -

thus, counsel was ineffective. *Id.* at 10-11. *See also* Amended PCRA Petition, 1/10/19, at 1-16. Edwards is entitled to no relief.

Our well-settled standard of review for an order denying a PCRA petition is as follows:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted). The PCRA court's credibility findings are binding on the appellate courts where such determinations are supported by the record. *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015).

Our Supreme Court has explained that:

> To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence [that]: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S.[A.] § 9543(a)(2); (2) his claims have not been previously litigated or waived, *id.*, § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic[,] or tactical decision by counsel[,]" *id.*, § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which appellant could have had review as a matter of right has ruled on the merits of the issue." *Id.*, § 9544(a)(2). "An issue is waived if appellant could have raised it but failed to do so before trial, at

trial, . . . on appeal or in a prior state postconviction proceeding." *Id.*, § 9544(b).

To be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish [that]: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. ***Commonwealth v. Chmiel***, [] 30 A.3d 1111, 1127 ([Pa.] 2011) ([citing] ***Commonwealth v. Pierce***, [] 527 A.2d 973, 975-76 ([Pa.] 1987)). Counsel is presumed to have rendered effective assistance. ***Commonwealth v. Ali***, [] 10 A.3d 282, 291 ([Pa.] 2010). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Jones***, [] 912 A.2d 268, 278 ([Pa.] 2006). Finally, because a PCRA petitioner must establish all the ***Pierce*** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

***Treiber***, 121 A.3d at 444-45 (brackets and footnote omitted).

Here, we have reviewed the record, the briefs of the parties, and the applicable law, and conclude that the opinion authored by Judge Lupas correctly disposes of Edwards' claims on appeal. Specifically, Judge Lupas notes that: (1) Officer Stash's testimony, which included a narrative of his experience as an officer and the prosecutor's passing characterization of Officer Stash as a "hero," were insufficient to grant a mistrial and thus did not establish prejudice under ***Pierce***; (2) hearsay testimony from both Felipe and Wandalee that they heard "Adam" say he gave Edwards a gun also did not establish prejudice under ***Pierce***, where Felipe had already testified that he witnessed Edwards holding a gun, and the jury heard testimony from a total of three witnesses who watched Edwards shoot the victims; (3) with respect

- 5 -

to Felipe's testimony that he told the victims Edwards would shoot them based on "rumors that w[ere] told about him around Philly[,]" trial counsel objected and the court sustained the objection and directed the jury to disregard the statement and the court noted that Edwards mischaracterized the testimony in his Rule 1925(b) statement and it would not have granted a mistrial had counsel requested one; and (4) the cumulative effect of these claims did not establish prejudice, as "the purported errors are not related to each other sequentially or logically and thus the cumulative effect of the whole is no greater than the inconsequential effect of the individual parts." **See** Trial Court Opinion, 10/9/20, at 8-9, 12-14. The court concluded that given the "clear, unequivocal and overwhelming evidence of [Edwards'] guilt, none of the somewhat minor and inconsequential items complained of[,] individually or cumulatively[,] could have produced any reasonable probability that the result of his trial would have been different[.]" **Id.** at 14.

In light of the foregoing, we affirm the denial of PCRA relief on the basis of Judge Lupas' opinion and direct the parties to attach a copy of that opinion in the event of further proceedings in this matter.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2021

COMMONWEALTH OF PENNSYLVANIA
11TH JUDICIAL DISTRICT

COMMONWEALTH OF PENNSYLVANIA  :  IN THE COURT OF COMMON PLEAS
                                              :  OF LUZERNE COUNTY

                v.  :

TONY EDWARDS  :  CRIMINAL DIVISION
Defendant / Appellant  :

                                           :  NO. 4026 of 2015

## ORDER

**AND NOW**, this _9th_ day of October, 2020, upon review of the record in the above-captioned case, IT IS HEREBY DIRECTED that the attached Opinion is entered pursuant to Pa.R.A.P. 1925(a) in response to the Defendant's Concise Statement of Errors Complained of on Appeal.

The Clerk of Courts of Luzerne County is hereby ORDERED and DIRECTED to transmit the entire record in this case to the Superior Court of Pennsylvania, and shall serve a copy of this Order and Opinion on all counsel of record pursuant to Pa.R.Crim.P. 114.

BY THE COURT:

_____
DAVID W. LUPAS, J.

Copies:

District Attorney Stefanie J. Salavantis
Leonard Gryskewicz, Jr., Esquire

CLERK OF COURTS CRIMINAL
LUZ CNTY OCT9'20PM4:07

COMMONWEALTH OF PENNSYLVANIA
11TH JUDICIAL DISTRICT

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY |
|---|---|---|
| v. | : | |
| TONY EDWARDS | : | CRIMINAL DIVISION |
| Defendant / Appellant | : | |
| | : | NO. 4026 of 2015 |

## OPINION

BY: THE HONORABLE DAVID W. LUPAS

I.  **FACTS AND PROCEDURAL HISTORY:**

Appellant, Tony Edwards, Appeals and alleges that our order denying his petition for post conviction relief pursuant to 42 Pa. C.S. 9542 was error. We disagree.

The relevant facts are as follows. On April 4, 2015, the Appellant, and his co-defendant, Wandalee Balcacer, confronted Sherry Ann Rivera and Izhar Ramos-Ramirez about a drug debt Ms. Rivera owed to Wandalee Balcacer. (N.T. Trial pgs. 403-406, 887). At the urging of Balcacer, the Appellant threw Ms. Rivera and Mr. Ramos-Ramirez to the ground and shot them both in the head and back. (N.T. Trial pgs. 404-405) Just moments later, Officer Daniel Duffy of the Wilkes-Barre City Police Department, responded to a call at 292 Coal Street and found Ms. Rivera and Mr. Ramos-Ramirez laying in a hallway, clinging to life. (N.T. Trial pgs. 219-222).

A law enforcement investigation into the shooting quickly led to the then suspects, Appellant, Tony Edwards, and Wandalee Balcacer. The Appellant was thereafter charged with two counts of attempted homicide, criminal conspiracy to

1

CLERK OF COURTS CRIMINAL
LUZ CNTY OCT9'20PM4:07

commit homicide and persons not to possess firearms. Subsequent to the Commonwealth's unopposed motion to consolidate, the cases were consolidated pursuant to Pa. R. Crim. P. 582.

On September 19, 2016, following the conduct of a jury trial, the Appellant was convicted of two counts of criminal attempt to commit homicide. We thereafter sentenced the Appellant on each of the aforementioned charges to an aggregate term of incarceration for not less than forty (40) years but not more than eighty (80) years. (N.T. Sentence 11/8/2016 pgs. 8-12)

The Appellant sought direct appeal and in a Memorandum filed on July 20, 2018, the Honorable Superior Court affirmed judgment of sentence. (14 MDA 2017) On December 28, 2018, the Pennsylvania Supreme Court denied his petition for review. (534 MAL 2018) Thereafter, Appellant filed a timely pro se PCRA Petition. In response, we appointed counsel and scheduled a hearing.

Following the conduct of a hearing, we took the various matters and issues raised by the Appellant under advisement. After careful review of the entire record in this matter, we denied Appellant's PCRA claims in their entirety by Order dated May 4, 2020. On May 20, 2020, the Appellant, through his counsel, filed a timely notice of appeal. On June 10, 2020, we entered an Order directing the Appellant to file his concise statement pursuant to Pa. R. A. P. 1925(b). In response the Appellant filed his statement of errors complained of on appeal.

II.   **LAW AND DISCUSSION**:

To prevail on an ineffectiveness claim, appellant must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's

2

actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (1987)) See also, Strickland v. Washington, 466 U.S. 668, 697 (1984). Failure to prove any prong of this test will defeat an ineffectiveness claim. Commonwealth v. Basemore, 560 Pa. 258, 744 A.2d 717, 738 n. 23 (2000) (citation omitted).

Actions pursuant to the Post-Conviction Relief Act begin by presuming that counsel is effective, and the petitioner bears the burden of proving otherwise. Commonwealth v. Steele, 599 Pa. 341, 961 A.2d 786, 796 (2008) (citing Commonwealth v. Hall, 549 Pa. 269, 701 A.2d 190, 200–01 (1997)). To sustain that burden, a petitioner must plead then prove that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Commonwealth v. Johnson, 600 Pa. 329, 966 A.2d 523, 532-33 (2009) (citations omitted).

A reviewing trial court may initially consider the issue of prejudice and deny post-conviction relief without considering the performance prongs of Pierce if the petitioner fails to sustain this burden. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (1987) see also Commonwealth v. Stevens, 739 A.2d 507, 516 (Pa. 1999). Applying these standards to

3

the facts of this case, we found that the Petitioner's allegations were without merit for the reasons that follow.[1]

Appellant's first three substantive issues, numbered two through four collectively, are variations on the same issue. Each refers back to subsection B of his counseled supplemental PCRA Petition filed on January 10, 2020 which developed the issues over twenty-seven separate paragraphs.

In these lengthy arguments, the Appellant unavailingly asserts that trial counsel was ineffective when he cross examined Detective Stash and Izhar Ramos-Ramirez regarding "whether he (Ramirez) was given information about this case by (d)etectives." In summary, he argues that because Mr. Ramirez could not have previously known what caliber bullet was fired into his body and his attacker's given name, rather than his nom de guerre, "hazard," that his testimony to those facts could only have been ascertained from another source and are hearsay. Indeed.

Detective Stash testified at the PCRA hearing that he recalled that he had told Mr. Ramirez what caliber bullet he was shot with in response to that question. (N.T. 2/26/20 p. 15.) Detective Stash did not recall specifically if or when he had told Mr. Ramirez the Appellant's given name but he agreed that he may have. (N.T. 2/26/20 pgs. 15-17). It does not seem in any way unusual or unreasonable for the victim of a shooting to later learn of the caliber of bullet that pierced his body and the name of the person later arrested for committing said act, such that counsel would have some basis for attacking and trying to withhold said information.

---

[1] The first enumerated paragraph of Appellant's concise statement represents that the court erred in denying his PCRA petition without "providing reasons for the denial." We are aware of no authority requiring us to do so prior to this Pa. R. A. P 1925(a) statement. Accordingly, we submit this filing for Appellate review.

4

There is no evidence that Mr. Ramirez knew the name of the person he clearly and lawfully identified as his attacker prior to being shown the police photo array from which he was initially identified. Accordingly, his testimony to those facts is hearsay inasmuch as he later learned of the caliber of bullet and accused's actual name from another source. This conclusion that the issue is arguably meritorious is not the end of the inquiry. The second prong of the Strickland / Pierce analysis requires us to ask if trial counsel's action or omission was reasonably designed to advance her client's arguments. Strickland v. Washington, 466 U.S. 668, 694 (1984). The mere fact that Mr. Ramirez didn't know the shooter's exact name at the time he identified him as such in no way alters the fact that he did in fact positively identify the shooter in a lineup. Trial counsel has broad discretion to determine what is a reasonable defense strategy. Commonwealth v. Thomas, 744 A.2d 713, 717 (Pa. 2000). The test does not ask if some other alternative was better in hindsight, but whether counsel's decision had a reasonable basis. Strickland v. Washington, 466 U.S. 668, 689 (1984); Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987).

At the PCRA hearing, the Commonwealth pointed out that this evidence was adduced by questioning from Appellant's trial counsel. Trial counsel submitted that she did not object or seek to have the evidence stricken because the Appellant's trial defense was built around a narrative that law enforcement was feeding evidence to the Commonwealth witnesses and consequently that their testimony incriminating the Appellant should not be credited. (N.T. PCRA hearing 2/26/20 p. 30-31) In light of the fact that Mr. Ramirez was so certain as to his identification of the Appellant as his attacker, any facts which might call into doubt his veracity would be a reasonable trial

5

strategy. We find this strategy to be consistent with the Appellant's defense strategy as we came to understand it. The Appellant's name was no secret. The case is captioned "Commonwealth v. Tony Edwards". It should come as no surprise to anyone that the victims in the case would learn the name of their attacker prior to trial. Also, an expert witness testified at trial regarding the caliber of bullet as evidence in this case. Evidence of these matters was overwhelming at trial.

Moreover, Appellant suffered little to no prejudice by the admission of that evidence. A searching cross examination as to whether or not Mr. Ramirez learned Hazzard's given name from Detective Stash or the newspaper would not have diminished the force of his in the courtroom identification of the Appellant who he unequivocally testified was "the person that shot me." (N.T. p. 403) He was sure that he recognized the distinctive face tattoo "with the tear drops on the right side of the eye" concluding this identification of the Appellant by saying "I'll never forget that."[2] (N.T. p. 403)

Entirely independent of any direct testimony from Mr. Ramirez, the testimony of Wandalee Balcacer put the gun in the Appellant's hand. On direct examination she testified that she "heard a shot" then saw Izzy (Mr. Ramirez) on the floor and the Appellant standing over him with a gun in his hand. (N.T. p. 927-928). Her testimony, however self-serving and coy, also made plain that the Appellant was the shooter.

---

[2] Mr. Ramirez identified the Appellant as his assailant in a photo array prepared by the police soon after the shooting and again at trial. (N.T. 406-408) The photo array used was admitted at Commonwealth's exhibit 15. This photo array was again shown to Mr. Ramirez at trial at which time he testified that he identified the Appellant as his attacker using that same photo array. He continued, stating that he picked him from that array because he recognized his distinctive face tattoo. (N.T. 407) He again observed the same tattoos on the Appellant's face in the courtroom in the presence of the jury. (N.T. p. 407-408).

6

Felipe Balcacer, brother of co-defendant Wandalee Balcacer, also testified that he was present at the time of the shooting and that he witnessed the Appellant shoot both victims. (N.T. Trial pgs. 822-824)

Under the circumstances trial counsel's strategy was reasonable insofar as it appears to have sought to assail the credibility of Mr. Ramirez and impugn the motives of law enforcement. Alternatively, even if counsel's strategy was unreasonable, we conclude without hesitation that the outcome of the Appellant's trial would not have been any different if the evidence were excluded. Accordingly, the Appellant's arguments on these issues fail.

In his fifth allegation of error, Appellant argues that trial counsel was ineffective for failing to object to testimony from Detective Stash that he was shot in the line of duty in an incident unrelated to this case and for failing to object to the prosecutor's closing argument which characterized Detective Stash as a hero. At the PCRA hearing trial counsel correctly pointed out that the arguments of counsel are not evidence. (N.T. 2/26/20 p. 33) We think this conclusion alone is insufficient and does not itself rise to the level of cogent and reasonable defense strategy as discussed previously because it does not address why the patently irrelevant evidence was not objected to when the Detective testified on direct examination. (N.T. Trial p. 521) Nonetheless, before being entitled to relief on such a claim the petitioner must demonstrate prejudice and it is at this point where his argument fails.

Detective Stash was a key Commonwealth witness insofar as he testified to Mr. Ramirez's initial identification of his attacker. Accordingly, his credibility was not inconsequential and any evidence designed to cloak him in laurels is arguably an effort

7

to bolster his credibility. We note however that the officer's statement was not made in response to a prosecutor's question designed to elicit that response but was instead a part of a lengthy narrative covering his experience and years of service as an officer. (N.T. Trial p. 521)

We decline to grant him relief on these claims for two reasons, first because we do not deem either the passing response of the officer or the prosecutor's remark that the Detective was a hero sufficient grounds to declare a mistrial. Second, we deny him relief because the evidence of the Appellant's guilt was so overwhelming that the outcome of his trial would not have been any different without this possibly irrelevant evidence.

Though Detective Stash's testimony about Mr. Ramirez identifying the Appellant in the photo array was important to the Commonwealth's case, this testimony was entirely eclipsed by Mr. Ramirez's emphatic and unequivocal courtroom identification of the Appellant in the presence of the jury. (N.T. 407-409) The strength of his identification is bolstered by the fact that the Appellant, his co-defendant and their confederates were captured on video surveillance at a store near the crime scene just before the shooting. (N.T. p. 564) Watching the video at Commonwealth's exhibit #13 the jury and the court observed the Appellant, and Wandalee Balcacer in the approximate area of the crime just before the crime occurred. (N.T. 564) Still photos of the group were admitted and published at commonwealth's exhibits 12 and 27. (N.T. p 540-542). There was little mystery surrounding the facts or perpetrators in this case. It is only after considering this overwhelming evidence of the Appellant's guilt that we decline to conclude that he was prejudiced by some possible minor irrelevant evidence

8

such that the outcome of his trial most certainly would not have been different without the irrelevant evidence.

Turning specifically to the second part of the Appellant's argument relating to the prosecutor's closing arguments about Detective Stash, we observe first that comments by a prosecutor do not constitute reversible error unless the unavoidable effect of such comments would prejudice the jury, forming in their minds fixed bias toward the defendant so that they could not weigh the evidence objectively and render a true verdict. Commonwealth v. Simmons, 662 A.2d 621, 639 (Pa. 1995). Though the law and this court disfavors arguments which distract the jury from the facts and emphasize irrelevant arguments or stir the jurors' passion, we likewise do not hesitate to conclude that such puffery did not affect the outcome of the case.

Next the Appellant alleges that trial court erred in finding that trial counsel was not ineffective for failing to object to hearsay from Felipe Balcacer and Wandalee Balcacer that Appellant was given a gun prior to the shooting. Felipe Balcacer did state that he heard "Adam" say that he gave the Appellant the gun. (N.T. p. 857) That testimony came after Felipe Balcacer testified that he was present during the shooting and that he witnessed the Appellant tell a bystander to go inside while holding a gun in his hand. (N.T. p. 821) The witness continued to testify that he watched the Appellant shoot both Mr. Ramirez (Izzy) and Ms. Rivera (China) (N.T. 823-825).

Once again, we fail to see how this hearsay evidence materially prejudiced the Appellant. The jury heard from no fewer than three witnesses who watched the Appellant shoot both victims after his co-defendant interrogated Ms. Rivera (China) about her missing drugs and or drug money. Accordingly, we find that there is not a

9

reasonable probability that absent the possible errors that the jury's verdict would have been different.

Appellant next argues that we erred by concluding that trial counsel was not ineffective for failing to object to testimony that Felipe Balcacer was afraid the Appellant was trying to kill him for testifying. Appellant's concise statement cited pages 844:20-845:4; 870:19-25.

At pages 844 and 845 the prosecutor asked Felipe Balcacer why he did not tell law enforcement about the facts he testified to sooner. (N.T. pgs. 844-45). Felipe Balcacer responded indicating that he delayed telling law enforcement because he was afraid. (N.T. 844). On re-cross examination, the prosecutor returned to the issue and Felipe Balcacar said that he believed that if he told the police that he would be in the same "predicament" as the victims in this case. (N.T. pg. 870).

Given that Felipe Balcacer was a defense witness for Wandalee Balcacer, the prosecutor's questioning at pages 844 to 847 clearly appears designed to assail the credibility of the witness. The line of questioning was not focused on the witnesses' fear of the Appellant. Instead it addressed the witnesses' concern for his sister, the Appellant's co-defendant, who owed her own drug supplier money. This line of questioning sought relevant evidence and therefore his complaint pursuant to the PCRA fails for lack of arguable merit. Counsel cannot be ineffective for failing to pursue a meritless objection. Commonwealth v. Hanible, 30 A.3d 426, 439 (Pa. 2011) (citations omitted).

Appellant's concise statement also cites testimony at page 870 of the transcript. Our review of that portion of the transcript reveals an exchange where the prosecutor,

10

first asked if the witness had left the scene of the crime with the Appellant. After the witness agreed that he had, he continued adding that he did not see what the Appellant had done with the gun. The prosecutor then asked Felipe if he was afraid that the Appellant was going to shoot him in the van as they rode away from the crime, to which Felipe replied that he was not afraid of being killed at that time but that if he had called the police that he would be in the same "predicament" as the victims. (N.T. p. 870).

The Appellant's argument that this evidence should have been objected to fails because the question sought relevant evidence designed to attack the credibility of a defense witness who delayed in reporting what he had witnessed to police choosing instead to testify for the first time at trial. Nor was this evidence unfairly prejudicial to the Appellant. The jury had already heard the witness testify that he watched the Appellant shoot two people in cold blood. Accordingly, his response indicating that he was afraid of the Appellant for having witnessed that added little to nothing to the case for the Appellant's guilt.

Alternatively, even if we were to agree that the evidence was not relevant, or failing that, that it was unfairly prejudicial from an evidentiary standpoint pursuant to Pa R. Evid 403, we nonetheless reject the conclusion that there is a reasonable probability that the outcome of the trial would have been any different but for counsel's error.

We do not believe that there is a reasonable probability that the jury might have acquitted the Appellant but for the testimony of a witness who was frightened by the person who he watched shoot two people. We doubt that Felipe Balcacer's fear, even if believed by the jury, was a determinative factor in their verdict. Accordingly, Appellant's allegation of error fails.

11

At paragraph 8 of his concise statement Appellant alleges that counsel was ineffective for failing to request a mistrial when Felipe Balcacer testified that there were rumors from Philadelphia that the Appellant had previously murdered people. The standard that a trial court considers when deciding a motion for a mistrial is well settled. "A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice." Commonwealth v. Chamberlain, 612 Pa. 107, 176, 30 A.3d 381, 422 (2011)(quotations and citations omitted)

The Appellant's concise statement mischaracterizes the testimony at the transcript pages he cites. At no time did the witness testify that the Appellant had previously murdered people. (N.T. p. 857) The witness testified that he warned the victims that the Appellant would shoot them because of "rumors that was told about him around Philly." (N.T. p. 857). Counsel objected to the comment and we sustained her objection and directed the jury to disregard the statement. (Id.) We can state with certainty that we would not have granted a mistrial under these circumstances even if counsel had requested one. Accordingly, this allegation of error fails.

At paragraph nine of his concise statement, Appellant represents that trial counsel was ineffective for failing to question one of victims, Mr. Ramirez, about a pending theft charge. His allegation of error represents that there was "an agreement with the prosecution that (t)rial (c)ounsel, or at a minimum Mr. Edwards' co-defendant's trial counsel, could question Izhar Ramirez about pending theft charges." (Appellant's

12

concise statement at paragraph 9) A review of the trial transcript at those pages does not reveal much agreement about anything. Just before resting his case, counsel for Wandalee Balcacer asked the court to take judicial notice of a document he represented to be docket entries for an open theft case involving the witness. The Commonwealth objected to moving the purported docket entries into evidence this way and we sustained the objection. (N.T. p. 1015).

It is axiomatic that counsel can inquire into areas which bear upon credibility and bias. An open case in the jurisdiction where the witness is testifying is fair game for such inquiries. See Commonwealth v. Murphy, 527 Pa. 309, 314; 591 A.2d 278, 280 (1991). It is not however a given that the witness here had an open case at the time of trial because no record of that was admitted at trial or at the PCRA hearing which preceded this appeal. Appellant's allegation of error fails for that reason alone.

Even if we were to assume that this allegation was true, that there was an open case against the witness and trial counsel neglected to ask whether or not the witness expected some benefit, PCRA counsel has not proven that the outcome of the trial would have been different because we do not know what the witness' response would have been. The Appellant would have us presume that the witness' response would have benefited him. We do not think such assumptions can be the stuff on which determinations of prejudice are made. Simply, Appellant has again failed to demonstrate prejudice.

Finally, Appellant argues that the cumulative impact of errors that occurred in his case warrant relief. Generally, no accumulation of failed individual claims collectively entitle a petitioner to relief, however, where the failure of individual claims is grounded in

13

lack of prejudice, then the cumulative prejudice from those individual claims may properly be assessed. Commonwealth v. Spotz, 610 Pa. 17, 18 A.3d 244, 321 (Pa. 2011). (citing Commonwealth v. Perry, 537 Pa. 385, 644 A.2d 705, 709 (1994).

Considering all the claims failed for want of Strickland prejudice collectively, we are still not persuaded that there exists a reasonable probability that the outcome of the trial would have been different absent the alleged aggregated errors. The purported errors are not related to each other sequentially or logically and thus the cumulative effect of the whole is no greater than the inconsequential effect of the individual parts. The evidence of the Appellant's guilt in this case was so overwhelming that even if we were to assume that each and every allegation of counsel's ineffectiveness was arguably meritorious and was not permitted for some strategic reason that his claims would still fail.

Overall, and in conclusion, upon review of the entire record in this matter, and most notably given the clear, unequivocal and overwhelming evidence of Defendant's guilt, none of the somewhat minor and inconsequential items complained of by Defendant/Appellant either individually or cumulatively could have produced any reasonable probability that the result of his trial would have been different and he is therefore not entitled to relief.

For each of the aforementioned reasons, our Order denying Appellant PCRA relief should be affirmed.

**END OF OPINION**

14

# Appendix B
# (Concise Statement of Errors Complained of on Appeal)

**COURT OF COMMON PLEAS OF LUZERNE COUNTY**
**COMMONWEALTH OF PENNSYLVANIA**

**CRIMINAL**

**COMMONWEALTH OF PENNSYLVANIA**

vs.

**TONY EDWARDS**

**CP-40-CR-4026-2015**

## Pa.R.A.P. 1925(b) STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

Appellant, Tony Edwards, by and through his attorney, Leonard Gryskewicz, Jr., hereby submits to this Honorable Court the following Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

1. The Court erred by denying Mr. Edwards PCRA Petition in its entirety without providing reasons for the denial.

2. The Court erred in holding that Trial Counsel was not ineffective when cross examining Izhar Ramirez regrading whether he was given information about this case by Detectives. *See* Supplemental PCRA Petition, Subsection B.

3. The Court erred in holding that Trial Counsel was not ineffective for failing to object when Izhar Ramirez testified to hearsay information that he had no personal knowledge of that was prejudicial to Mr. Edwards. *See* Supplemental PCRA Petition, Subsection B; Trial Tr. 403:13–21; 404:24–405:1; 407:7–13; 418:11–22; 417:5–14; 423:3–25.

4. The Court erred in holding that Trial Counsel was not ineffective when cross examining Detective Stash regarding what information he gave to Izhar Ramirez. *See* Supplemental PCRA Petition, Subsection B.

5. The Court erred in determining that Trial Counsel was not ineffective for failing to object to testimony from Detective Stash that he was shot in the line of duty and for failing to object to the prosecutor's argument during closing that Detective Stash was a local hero and was shot in the same area as the victim in this case. *See* Supplemental PCRA Petition, Subsection C; Trial Tr. 1100:20–1101:5.

6. The Court erred in determining that Trial Counsel was not ineffective for failing to object to hearsay testimony from Felipe Balcacer and Wanda Balcacer that Mr. Edwards was given a gun prior to the shooting. *See* Supplemental PCRA Petition, Subsection D; Trial Tr. 857:4–10; Trial Tr. 930:12–18.

7. The Court erred in determining that Trial Counsel was not ineffective for failing to object to testimony that could have led the jury to believe that Felipe Balcacer was afraid Mr. Edwards was trying to kill him for testifying. *See* Supplemental PCRA Petition, Subsection E; Trial Tr. 844:20–845:4; Trial Tr. 870:19–25.

8. The Court erred in determining that Trial Counsel was not ineffective for failing to request a mistrial when Felipe Balcacer testified that there were rumors from Philadelphia that Mr. Edwards had previously murdered people. *See* Supplemental PCRA Petition, Subsection F; Trial Tr. 857:17–23; Trial Tr. 857:23–25; Trial Tr. 857:24–25.

9. The Court erred in determining that Trial Counsel was not ineffective for failing to question Izhar Ramirez about pending theft charges when there was an agreement with the prosecution that Trial Counsel, or at a minimum Mr. Edwards' co-defendant's trial counsel, could question Izhar Ramirez about the pending theft charges. *See* Supplemental PCRA Petition, Subsection G; Trial Tr. 1008:16–19; Trial Tr. 1009:4–15.

10. The Court erred in determining that Trial Counsel was not ineffective and therefore, Mr. Edwards was entitled to no relief based upon the cumulative impact of the errors committed by Trial Counsel. *See* Supplemental PCRA Petition, Subsection I.

Dated: **June 26, 2020**

Respectfully submitted,

Leonard Gryskewicz, Jr.
Conflict Counsel for Appellant
Supreme Court ID: 321467
LAMPMAN LAW OFFICE
2 Public Square
Wilkes-Barre, PA 18701
570-371-3737