J-S08017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY LYNN FOUST | : | |
| | : | |
| Appellant | : | No. 1172 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 14, 2021
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s):  CP-66-CR-0000062-2021

BEFORE:  BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: MAY 16, 2022**

Appellant Jeremy Lynn Foust appeals from the judgment of sentence imposed after he pled guilty to simple assault, recklessly endangering another person (REAP), and harassment.[1]  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The trial court summarized the factual history of this matter as follows:

[O]n or about February 6, 2021[,] [Appellant] intentionally, knowingly and recklessly caused serious bodily injury to the victim by striking the victim's[] face with a closed fist multiple times resulting in swelling and bruising to the victim's left eye, bruising of her left cheek, [and a] bloody nose.  Thereafter, [Appellant] chased the victim and grabbed the victim[,] causing her to fall to the ground and injure[] her left leg.  [Appellant] again struck the victim with a closed fist.  The victim suffered serious bodily injury in the nature of compound fractures to her tibia and fibula, lost consciousness, suffered acute blood loss and had to be life-flighted to a trauma center for treatment for her injuries . . . .  Following

_____

[1] 18 Pa.C.S. §§ 2701(a)(1), 2705, and 2709(a)(4), respectively.

the brutal attack, [Appellant] left the victim, his wife, laying outside in the cold while the victim was bleeding until emergency responders arrived.

Trial Ct. Op., 11/19/21, at 2 (formatting altered).

On May 7, 2021, Appellant entered an open guilty plea to simple assault, REAP, and harassment. In exchange for Appellant's plea, the Commonwealth withdrew the remaining charges, which included aggravated assault, terroristic threats, stalking, and an additional count of both simple assault and harassment.[2]

On July 14, 2021, the trial court sentenced Appellant to an aggregate term of eleven months to five years' incarceration.[3] Appellant filed a timely post-sentence motion seeking reconsideration of his sentence, which the trial court denied.

Appellant subsequently filed a timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our review:

1. Whether the trial court abused its discretion in imposing a sentence in the aggravated range?

2. Whether the trial court failed to give appropriate consideration to the purposes of sentencing: protection of the public, gravity of the offense, and rehabilitative needs of the defendant when

_____

[2] 18 Pa.C.S. §§ 2702(a)(1), 2706(a)(1), 2709.1(a)(1), 2709.1(a)(2), 2701(a)(3), and 2709(a)(1), respectively.

[3] The trial court imposed consecutive terms as follows: four to twenty-four months' incarceration for simple assault and REAP, and a consecutive term of three to twelve months' incarceration for harassment.

- 2 -

it imposed an excessive sentence in the aggravated range of the guidelines?

3. Whether the trial court imposed a sentence in the aggravated range without considering mitigating factors?

4. Whether the trial court's imposition of sentence disregarded the recommendation of Adult Probation in the presentence investigation [(PSI)] report?

Appellant's Brief at 12 (formatting altered).

All of Appellant's claims relate to the discretionary aspects of his sentence. *Id.* at 16-21. First, Appellant argues that the trial court abused its discretion by imposing consecutive, aggravated-range sentences based on a factor already included in the sentencing guidelines, *i.e.*, the seriousness of the offense. *Id.* at 17-18, 20-21. Next, Appellant contends that the trial court failed to consider Appellant's rehabilitative needs, namely, additional drug and alcohol treatment. *Id.* at 21. Appellant also claims that the trial court failed to consider mitigating factors, including that Appellant (1) voluntarily underwent mental health counseling; (2) voluntarily entered drug and alcohol treatment; and (3) provided financial support and health insurance to his family, which includes the victim. *Id.* at 18-19, 21. Finally, Appellant argues that the trial court abused its discretion by disregarding the sentencing recommendation included in the PSI. *Id.* at 18, 21.

Initially, we note that "[g]enerally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation

- 3 -

omitted). It is well settled that a defendant "who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." ***Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 (Pa. Super. 2008). "However, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence." ***Commonwealth v. Guth***, 735 A.2d 709, 711 n.3 (Pa. Super. 1999) (citation omitted).

Here, Appellant entered an open guilty plea that did not contain an agreed-upon sentence. ***See*** Plea Agreement, 5/7/21. Therefore, Appellant is not precluded from challenging the discretionary aspects of his sentence on appeal. ***See Guth***, 735 A.2d at 711 n.3.

> It is well settled that
>
> challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Proctor***, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's

actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation omitted).

Instantly, Appellant preserved his sentencing claims in a post-sentence motion, filed a timely appeal, and included a Pa.R.A.P. 2119(f) statement in his brief. **See id.** Further, Appellant has presented a substantial question for our review. **See Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (holding that a claim that the trial court erred by "imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question"). Therefore, we will address the merits of Appellant's claims.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. §§ 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted).

The trial court has discretion to impose a "sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citation omitted). Generally, this Court will not find an abuse of discretion when the trial court imposes consecutive sentences unless the aggregate sentence is "grossly disparate to [the a]ppellant's conduct or viscerally appear as patently unreasonable." *Id.* at 809 (citation omitted and formatting altered).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." *Id.* at 848 (citation omitted). Further, "[w]here the sentencing judge had the benefit of a [PSI], it will be presumed that he was aware of relevant information regarding [the defendant's] character and weighed those considerations along with the mitigating statutory factors." *Id.* at 849-50 (citation omitted).

"It is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range." *Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa. Super. 2003) (citation omitted).

With respect to imposing an aggravated-range sentence, the *Fullin* Court explained that

> the guidelines were implemented to create greater consistency and rationality in sentencing. The guidelines accomplish the above purposes by providing a norm for comparison, *i.e.*, the standard range of punishment, for the panoply of crimes found in the crimes code and by providing a scale of progressively greater punishment as the gravity of the offense increases.
>
> The provision of a "norm" also strongly implies that deviation from the norm should be correlated with facts about the crime that also deviate from the norm for the offense, or facts relating to the offender's character or criminal history that deviates from the

- 7 -

norm and must be regarded as not within the guidelines contemplation. Given this predicate, simply indicating that an offense is a serious, heinous or grave offense misplaces the proper focus. The focus should not be upon the seriousness, heinousness or egregiousness of the offense generally speaking, but, rather, upon how the present case deviates from what might be regarded as a "typical" or "normal" case of the offense under consideration.

An aggravated range sentence for [the defendant] will thus be justified to the extent that the individual circumstances of his case are atypical of the crime for which [the defendant] was convicted, such that a more severe punishment is appropriate.

*Fullin*, 892 A.2d at 848 (citations omitted and formatting altered).

In *Fullin*, the defendant pled guilty to endangering the welfare of children after he crashed his car while driving at 112 miles per hour in a fifty-five miles per hour zone. *Fullin*, 892 A.2d at 846. The defendant's son was also in the car, and the son suffered severe injuries in the crash, rendering him paralyzed. *Id.* at 846-47. The trial court imposed a sentence in the aggravated range. *Id.* at 847. On appeal, the defendant argued that "the trial court improperly based his aggravated range sentence on a factor that constituted an element of the offense . . . ." *Id.* at 848. This Court affirmed the sentence, agreeing with the trial court that "not only did [the defendant] commit a crime, but he committed it in an atypically objectionable way and it had an atypically harmful result." *Id.* at 849.

Here, at sentencing, the trial court stated the reasons for Appellant's sentence as follows:

This sentence is in the aggravated range due to the following reasons: one, although [Appellant] has taken actions to address what had occurred, the court cannot overlook that the conduct of [Appellant] was one of the most severe assaults on a spouse that

- 8 -

this court has ever encountered. [Appellant's] actions have violated the trust between a husband and wife. [Appellant's] actions were in careless disregard for human life. The court notes, at [the] guilty plea, the victim has obvious injuries which will affect her for the rest of her life, both mentally and physically. The court is aware that minor children were at the residence at the time of this offense, although they may have not witnessed the same. Any lesser of a sentence would depreciate the seriousness of [Appellant's] actions. Again, we'll note that this is in the aggravated range due to those reasons. We'll also include in reasons for sentence, the court notes, in review of the criminal information, specifically this offense, which [Appellant] openly pled guilty to, that the victim had to be life flighted to a trauma center for treatment for her injuries, requiring the victim for surgery to treat those injuries. We'll note that the victim had[] fractures to both her tibia and fibula, lost consciousness, and suffered acute blood loss with respect to those injuries.

N.T. Sentencing Hr'g, 7/14/21, at 15-16 (some formatting altered).

In its Rule 1925(a) opinion, the trial court further explained:

[This court] relied on the extensive [PSI] as completed by the Adult Probation Department . . . . Furthermore, this court sentenced [Appellant] in the aggravated range because of the seriousness of the [Appellant's] conduct. [Appellant] brutally beat his wife and after the brutal assault, [Appellant] left his wife lying lifeless in the cold. The assault of [Appellant] on his wife was so severe that she had to be life-flighted to a trauma center. There, the victim had to undergo surgeries. Her injuries included fractures to her tibia and fibula; loss of consciousness and acute blood loss. [Appellant's] attack has left the victim with injuries which will affect her for the rest of her life both physically and mentally. Any lesser of a sentence would depreciate the seriousness of [Appellant's] actions.

As was set forth at the time of sentencing, this court noted the actions that [Appellant] had taken to address what had occurred, but sentenced [Appellant] in the aggravated range given the extent of the brutal assault on [Appellant's] wife. [Appellant] violated the trust between a husband and wife and [Appellant's] actions were in careless disregard for human life. The brutal attack on his wife occurred at the marital home where the children were present.

Trial Ct. Op. at 3-4.

Based on our review of the record, we discern no abuse of discretion by the trial court in imposing Appellant's sentence. *See Raven*, 97 A.3d at 1253.

The trial court clearly stated that the circumstances of this case were atypical for the charged offenses and warranted aggravated-range sentences. *See Fullin*, 892 A.2d at 848-49. Although the trial court referred to the "seriousness" of Appellant's crimes, the court also noted that Appellant acted with careless disregard for human life and that the victim sustained serious injuries including broken bones, a loss of consciousness, and acute blood loss, which required her to be flown to a trauma center for treatment. *See* Trial Ct. Op. at 3; *see also* N.T. Sentencing Hr'g at 16. These factual findings demonstrate that the circumstances of this case were atypical for the crimes of simple assault, REAP, and harassment. *See Fullin*, 892 A.2d at 848-49. Further, Appellant's aggregate sentence is neither grossly disparate to his conduct nor is it patently unreasonable. *See Austin*, 66 A.3d at 809. Therefore, we discern no abuse of discretion by the trial court in imposing consecutive aggravated-range sentences for these charges.

As noted previously, the trial court reviewed the PSI report prior to sentencing. Therefore, we presume that the trial court was aware of Appellant's rehabilitative needs, his pre-sentencing attempts at mitigation, and the financial support he provided to his family, including the victim, and that the court weighed those considerations along with other mitigating factors. *See Fullin*, 892 A.2d at 849-50. Further, the trial court was not

bound by the sentencing recommendation included in the PSI. ***See Commonwealth v. Sexton***, 222 A.3d 405, 422 (Pa. Super. 2019) (stating that the Commonwealth's sentencing recommendations are not binding on the trial court). Therefore, to the extent Appellant claims that the trial court failed to adequately consider the information contained in the PSI report, he is not entitled to relief.

For these reasons, we conclude that Appellant is not entitled to relief on his discretionary sentencing claims. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/16/2022