J-S08023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CALEB C. GUERRIER | : | |
| | : | |
| Appellant | : | No. 761 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 26, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000909-2016

BEFORE:  BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 14, 2022**

Appellant Caleb C. Guerrier appeals from the judgment of sentence imposed after he pled *nolo contendere* to robbery.  This matter returns to this Court after we remanded for the filing of an amended **Anders**/**Santiago**[1] brief or an advocate's brief.  Appellant's counsel (Counsel) has filed an amended petition to withdraw and an amended **Anders**/**Santiago** brief.  We grant Counsel's request to withdraw and affirm.

The underlying facts of this case are well known to the parties.  **See** Trial Ct. Op, 8/13/21, at 1-2 (unpaginated).  Briefly, Appellant was arrested for robbery and related offenses after he violently assaulted a female victim during a robbery in November of 2015.

---

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

The trial court summarized the procedural history as follows:

After years of defense continuances, Appellant entered a plea of no contest to count one, robbery, 18 Pa.[C.S.] § 3701(a)(1)(iv), a felony of the second degree on April 6, 2021. Appellant signed a written plea agreement with the Commonwealth. The plea agreement represented that the "Commonwealth agrees to recommend" a sentence to run concurrent to a federal sentence that Appellant was then serving. A pre-sentence investigation (PSI) was ordered to be completed by the Luzerne County Adult Probation and Parole Department, and a sentencing hearing was scheduled for a separate date and time.

On April 26, 2021, Appellant again appeared before the court for sentencing. The pre-sentence investigation indicated that Appellant's prior record score was two (2). After considering the submissions of counsel, the PSI and the allocution of Appellant, we sentenced him within the standard range to a minimum of fifteen (15) months to a maximum of thirty (30) months incarceration on count 1, to be served in a state correctional institution. Said sentence was ordered to be served concurrent to any other sentence that Appellant was currently serving.

*Id.* at 2-3 (unpaginated) (citations omitted and formatting altered).

Appellant filed a timely post-sentence motion requesting reconsideration and modification of his sentence, which the trial court denied. Appellant then filed a timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In its Rule 1925(a) opinion, the trial court declined to address the merits of Appellant's sentencing claim because it concluded that Appellant's claim did not raise a substantial question for appellate review. *Id.* at 3 (unpaginated). The trial court further concluded that even if Appellant's claim did raise a substantial question, the judgment of sentence should be affirmed because

- 2 -

the sentence did not violate the Sentencing Code or the fundamental norms of the sentencing process. *Id.* at 4 (unpaginated).

On appeal, Counsel submitted a petition to withdraw and an *Anders*/*Santiago* brief. This Court denied the petition to withdraw and remanded for the filing of an amended *Anders*/*Santiago* brief or an advocate's brief. *Commonwealth v. Guerrier*, 761 MDA 2021, 2022 WL 1087697 at *3-4 (Pa. Super. filed Apr. 12, 2022) (unpublished mem.).

Following this Court's remand, Counsel filed an amended *Anders*/*Santiago* brief and another petition to withdraw as counsel. Counsel identifies the following issue:

> Whether the trial court abused its discretion in failing to consider Appellant's rehabilitative needs; length of incarceration; need for medical treatment; and his remorse.

Am. *Anders*/*Santiago* Brief at 1.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional

arguments that the appellant considers worthy of the court's attention.  **See**

**Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en*

*banc*).

Additionally, counsel must file a brief that meets the requirements

established by the Pennsylvania Supreme Court in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this

Court's duty to conduct its own review of the trial court's proceedings and

render an independent judgment as to whether the appeal is, in fact, wholly

frivolous."  **Goodwin**, 928 A.2d at 291 (citation omitted).  This includes "an

independent review of the record to discern if there are any additional, non-

frivolous issues overlooked by counsel."  **Commonwealth v. Flowers**, 113

A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted).

Here, Counsel filed a petition to withdraw indicating that he reviewed

the record and determined that an appeal is frivolous and without merit.

Counsel also filed a copy of the letter he sent to Appellant, which indicates

that Counsel sent Appellant a copy of the amended **Anders**/**Santiago** brief

and advised Appellant that he may proceed *pro se* or retain private counsel to

- 4 -

raise any additional issues he believes should be brought to this Court's attention.[2]  Accordingly, we conclude that Counsel has met the technical requirements of **Anders** and **Santiago**, and we will proceed to address the issues raised in Counsel's amended **Anders**/**Santiago** brief.

In the amended **Anders**/**Santiago** brief, Counsel identifies Appellant's challenge to the discretionary aspects of his sentence.  Am. **Anders**/**Santiago** Brief at 7.  Specifically, Appellant asserts that the sentencing court "abused its discretion in failing to consider his rehabilitative needs, the length of incarceration he had undergone since his arrest, his need for medical treatment, and his remorse."  **Id.** at 9.  Counsel notes that because the sentencing court had reviewed a PSI, it is presumed that the sentencing court was aware of relevant information about Appellant's character and weighed that information along with mitigating factors.  **Id.** at 11 (citing **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010)).  Therefore, Counsel states that Appellant's challenge to the discretionary aspects of the sentence is frivolous.  **Id.** at 12.

Initially, we note that "[i]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea."  **Commonwealth v. Lewis**, 791 A.2d 1227, 1230 (Pa. Super. 2002) (citations omitted).  "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the

_____

[2] Appellant did not file a response to Counsel's amended petition to withdraw.

- 5 -

validity of the guilty plea." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). "However, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence." ***Commonwealth v. Guth***, 735 A.2d 709, 711 n.3 (Pa. Super. 1999) (citation omitted).

Here, although the Commonwealth agreed to recommend that the trial court structure Appellant's new sentence concurrently to his federal sentence, Appellant's plea agreement did not contain any bargain for a specific sentence. ***See*** Plea Agreement, 4/6/21. Therefore, Appellant is not precluded from challenging the discretionary aspects of his sentence on appeal. ***See Guth***, 735 A.2d at 711 n.3.

It is well settled that

challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Proctor***, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only

when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Instantly, Appellant preserved his sentencing issue in a post-sentence motion, filed a timely appeal and Pa.R.A.P. 1925(b) statement, and included a Pa.R.A.P. 2119(f) statement in the amended *Anders*/*Santiago* brief. *See id.* Appellant has also presented a substantial question for our review. *See Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa. Super. 2020) (holding that a claim that the trial court failed to consider sentencing criteria required by 42 Pa.C.S. § 9721(b), including the rehabilitative needs of the defendant, presents a substantial question for our review). Therefore, we will address the merits of Appellant's claim.

> Our well-settled standard of review is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. §§ 9781(c) and (d). Subsection 9781(c) provides:
>
> > The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

**Commonwealth v. Raven**, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." **Id.** at

848 (citation omitted). Further, "[w]here the sentencing judge had the benefit of a [PSI], it will be presumed that he was aware of relevant information regarding [the defendant's] character and weighed those considerations along with the mitigating statutory factors." *Id.* at 849-50 (citation omitted); *see also Moury*, 992 A.2d at 171.

Here, at sentencing, the trial court stated the reasons for Appellant's sentence as follows:

> All right. The court having reviewed the [PSI] report and what's been offered here today, does note [that Appellant] does have a prior criminal history. Obviously he is currently under federal supervision for matters that occurred there. So he was given opportunities with some of his past sentences to correct and reform his ways, but yet he still finds himself before the court today. I feel a period of structured supervision would be appropriate to assist [Appellant] in hopefully reforming his ways and addressing any underlying issues he may have.
>
> I therefore feel a sentence within the standard range of the applicable guidelines would hold [Appellant] accountable for this very serious offense and any impact this has had on the victim in this matter. I do note the credit issue that legally I don't feel [Appellant] is entitled to credit that was applied towards the service of another sentence. So he can't get all of those days credit on this case too. You can't double dip as they say. He does have a short period of credit he will receive, however, from [after] that period of incarceration expired.
>
> Therefore, on count one, robbery, the court will sentence within the standard range of the guidelines to a minimum of 15 months to a maximum of 30 months' incarceration in a state correctional institution. I will allow this sentence to run concurrent with any other sentences [Appellant] might be serving. . . . He will receive credit towards this sentence from March 30, 2021, through today's date of April 26, 2021.

N.T. Sentencing Hr'g, 4/26/21, at 6-8 (some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court in imposing Appellant's sentence. *See Raven*, 97 A.3d at 1253. The record reflects that the trial court reviewed the PSI report prior to sentencing. Therefore, we presume that the trial court was aware of Appellant's medical/rehabilitative needs as well as the length of his federal sentence, and that the trial court weighed those considerations along with other mitigating factors. *See Moury*, 992 A.2d at 171; *Fullin*, 892 A.2d at 849-50. The trial court also considered the sentencing guidelines and imposed a standard-range sentence. Lastly, consistent with the Commonwealth's recommendation, the trial court imposed a sentence concurrent to any other sentence that Appellant was serving.

For these reasons, we agree that the appellate issue presented in the *Anders*/*Santiago* brief is frivolous. Further, our independent review of the record does not reveal any additional, non-frivolous issues. *See Goodwin*, 928 A.2d at 291; *Flowers*, 113 A.3d at 1250. For these reasons, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/14/2022

- 10 -