J-S42007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARC ANTHONY CHEESEMAN | : | |
| | : | |
| Appellant | : | No. 1095 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 19, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002325-2020


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARC ANTHONY CHEESEMAN | : | |
| | : | |
| Appellant | : | No. 1096 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 19, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003010-2022


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARC ANTHONY CHEESEMAN | : | |
| | : | |
| Appellant | : | No. 1097 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 19, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003016-2022

BEFORE: BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                **FILED JANUARY 30, 2024**

Marc Anthony Cheeseman appeals from the judgments of sentence imposed at three different docket numbers following his guilty pleas.[1] Counsel has filed a petition to withdraw and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm Appellant's judgments of sentence and grant counsel's petition to withdraw.

At Docket 2325-2020, Appellant entered a guilty plea on April 21, 2022, to driving under the influence ("DUI") as a first offense and driving with a suspended license as a third offense. Sentencing was deferred for multiple reasons, including Appellant's arrest on the charges related to Docket 3010-2022. On September 19, 2022, Appellant entered guilty pleas at the remaining dockets. Specifically, at Docket 3010-2022, he pled guilty to theft by deception, identity theft, and misrepresentation of a member of the military. The underlying facts were that Appellant fueled a gambling addiction by conning an elderly couple into loaning him over $319,000 between 2017 and 2020. To do so, Appellant provided fraudulent documents to the couple claiming that he was a veteran and former union carpenter, that he needed the money to unfreeze his military pension and union pension, and that he had the ability to repay. ***See*** N.T. Plea, 9/19/22, at 7-10. At Docket 3016-2022, he pled guilty to driving with a suspended license as a third or

---

[1] This Court consolidated the appeals *sua sponte*.

subsequent violation and vehicle registration suspended. Sentencing was again deferred, this time for Appellant to obtain mitigation evidence.

On January 19, 2023, the court sentenced Appellant as follows at all three docket numbers:

- Docket 3010-2022: four to ten years of incarceration for theft by deception, followed by twenty-four months of probation for identity theft and twelve more months for the misrepresentation conviction;

- Docket 3016-2022: six to twelve months of incarceration for driving with a suspended license, to run consecutively to the sentence imposed at Docket 3010-2022;

- Docket 2325-2020: six to twelve months of incarceration for driving with a suspended license, to run consecutively to the other periods of incarceration, and a concurrent term of six months of probation for DUI.

In total, the trial court sentenced Appellant to an aggregate term of incarceration of five to twelve years, followed by thirty-six months of probation. He was also ordered to pay restitution at Docket 3010-2022. Appellant timely filed post-sentence motions asking the court to reconsider the sentence imposed in light of a new psychological evaluation. The court held a hearing, during which it reviewed the evaluation and heard Appellant's request for a shorter prison sentence to begin working to be able to repay the restitution. The court found that no new evidence had been presented that would convince it to alter the sentences imposed and that Appellant would most benefit from long-term treatment in a state institution. Therefore, the court denied the motions.

These timely filed notices of appeal followed. Counsel filed a notice of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4), and the trial court issued a Rule 1925(a) opinion agreeing that no meritorious issues supported an appeal. In this Court, counsel filed a petition to withdraw and **Anders** brief. Appellant has not filed a response. Thus, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.
>
> If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Cook**, 175 A.3d 345, 348 (Pa.Super. 2017) (cleaned up).

Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer

- 4 -

to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has complied with the technical requirements set forth above. In particular, counsel observed that Appellant waived all non-jurisdictional claims except the validity of his plea and the legality of his sentence by entering guilty pleas.[2] *See Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) ("When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." (cleaned up)); *Commonwealth v. Guth*, 735 A.2d 709, 710 n.3 (Pa.Super. 1999). Counsel then detailed why none of the available claims arguably supports this appeal. *See Anders* brief at 12-15. Accordingly, we now conduct "a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, *supra* at 354 n.5).

_____

[2] Since Appellant did not negotiate the terms of his sentence, he may also petition this Court to review the discretionary aspects of his sentence. *See Commonwealth v. Guth*, 735 A.2d 709, 710 n.3 (Pa.Super. 1999). We address the merits of such a claim within the body of this memorandum.

At the outset, we readily agree with counsel that any jurisdictional challenge would be entirely frivolous as the facts agreed to by Appellant clearly established that the offenses occurred in Bucks County, Pennsylvania. **See Commonwealth v. Bethea**, 828 A.2d 1066, 1074 (Pa. 2003) ("Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code." (cleaned up)).

We next address whether the validity of Appellant's plea is properly challenged in this appeal. Critically, Appellant never sought to withdraw his plea, thereby waiving any such claim. **See Commonwealth v. Moore**, \_\_\_ A.3d \_\_\_, 2023 WL 8291712 at * 3-4 (Pa.Super. 2023) (concluding that a challenge to the voluntariness of a guilty plea was waived because the defendant did not raise the issue in his timely post sentence motion and did not otherwise timely file a motion to withdraw his plea). Accordingly, we agree with counsel that a challenge to the validity of his pleas would be frivolous. **See Commonwealth v. Tukhi**, 149 A.3d 881, 888 (Pa.Super. 2016) ("An issue that is waived is frivolous.").

Turning to the legality of Appellant's sentence, we observe that a sentence will be vacated as illegal if "no statutory authorization exists for [that particular] sentence[.]" **Commonwealth v. Luciani**, 201 A.3d 802, 807 (Pa.Super. 2018) (cleaned up). In that regard, our standard of review is

plenary and our focus is on ascertaining whether the trial court committed an error of law. *Id*. As explained by counsel and the Commonwealth, all of Appellant's sentences fell below the statutory maximums, and two of the sentences were mandatorily imposed by statute. Where the trial court exceeded the aggravated range of the sentencing guidelines, it provided reasoning on the record for doing so. *See* N.T. Sentencing, 1/19/23, at 54-59. Therefore, we agree with counsel that a challenge to the legality of Appellant's sentence would be inappropriate.

Counsel has also raised a potential claim of ineffective assistance of counsel. Subject to several exceptions, "[g]enerally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal." ***Commonwealth v. James***, 297 A.3d 755, 760 (Pa.Super. 2023) (cleaned up). Instantly, none of the exceptions to this general rule applies in this case. ***See id***. at 761 (explaining that ineffectiveness claims may be pursued on direct appeal "where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; or (2) there is good cause shown, and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence[;]" or (3) "the defendant is statutorily precluded from obtaining subsequent PCRA review" (cleaned up)). Thus, we agree that such a claim

would be wholly frivolous, as any such claims should "be deferred to PCRA review." *Id*. at 760 (cleaned up).

Finally, we conduct our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Appellant may also petition this Court to review the discretionary aspects of his sentence because he did not negotiate the terms of his sentence. *See Guth*, *supra* at 710 n.3.

> [A]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*) (cleaned up). If we reach the merits of a discretionary sentencing clam, we review for an abuse of discretion. *Id*. at 1168.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id*. (cleaned up).

Assuming for the sake of argument that Appellant had invoked our jurisdiction, we would find any such claim meritless. Before imposing

- 8 -

sentence, the trial court reviewed the pre-sentence investigation report, the arguments of counsel, and the sentencing guidelines. We have held that when the court has the benefit of such a report, we will "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa.Super. 2020) (cleaned up). Moreover, the trial court detailed its analysis of the statutory factors and explained why it deemed it necessary to impose, in some instances, aggravated and consecutive sentences. *See* N.T. Sentencing, 1/19/23, at 54-61.

Indeed, the court even afforded Appellant the opportunity of a post-sentence motion hearing, reviewed the new psychological evaluation, and entertained Appellant's allocution. However, the court ultimately concluded that the report and allocution did not merit a reduced sentence. The court's denial of Appellant's request for a reduced sentence does not amount to an abuse of discretion. In sum, our review has revealed no additional meritorious issues that counsel failed to address.

Based on the foregoing, we affirm the judgments of sentence and grant counsel's petition to withdraw.

Petition of Peter M. Williams, Esquire, to withdraw as counsel is granted. Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>1/30/2024</u>